1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

| UNITED STATES OF AMERICA, | CASE NO. 08cr3418 JM |
|---|---|

12

| Plaintiff, | ORDER DENYING MOTION TO DISMISS INDICTMENT |
|---|---|

vs.

13

RAMIRO RAMOS-MEDINA,

14

Defendant.

15
16        Defendant Ramiro Ramos-Medina moves to dismiss the indictment due to an allegedly invalid

17 deportation.  Defendant contends that his October 4, 2007 conviction for first degree burglary in

18 violation of California Penal Code §459 is not an aggravated felony and therefore he may collaterally

19 attack the July 13, 2008 final order of removal.  Plaintiff opposes the motion.  For the reasons set forth

20 below, the court denies the motion to dismiss the indictment.

21                                        **BACKGROUND**

22        On August 13, 2008 Border Patrol Agents responded to a sensor activation located on the

23 Northeast corner of Barrett Lake and south of Camp Barrett Sheriff Department's Detention Facility.

24 The area is known for alien smuggling activities.  Upon arrival at the scene, agents discovered

25 footprints and followed them.

26        As the Agents climbed the hill in the area, people started running through the thick brush.

27 Over the next 20-30 minutes, the Agents rounded up 18 individuals.  The Agents conducted a field

28 immigration interview and all individuals, including Defendant, stated that they were in the country

illegally.  Defendant was transported to the Brown Field Border Patrol Station where he allegedly waived his Miranda rights and again stated that he was in the country illegally.  On October 8, 2008 Defendant was indicted on a one count indictment charging him with being a deported alien found in the United States in violation of §1326(a) and (b).

The Administrative Removal of Defendant

On June 25, 2008 Defendant was interviewed by ICE Agent Valenzuela, a fluent Spanish speaker, while incarcerated at Calipatria State Prison.  Defendant was serving a two year incarceration term for first degree residential burglary in violation of Cal Penal Code §459.  Based upon this conviction, Agent Valenzuela determined that Defendant was an aggravated felon and therefore subject to administrative removal.  At that time, Defendant represented that he did not oppose removal.  Defendant was also advised that he or a colleague would return in a couple of weeks with paperwork on the administrative removal and provide a listing of legal services.

On July 10, 2008 Agent Lopez, also a fluent Spanish speaker, served Defendant with a "Notice of Intent to Issue a Final Administrative Order."  The Notice indicated that Defendant had been convicted on October 4, 1997 for first degree residential burglary and received a two year prison term. The Form I-851 indicated that he was deportable as an aggravated felon pursuant to 8 U.S.C. §1101(a)(43)(F).  Agent Lopez does not recall if Defendant requested to see an immigration judge. Agent Lopez explained the form to Defendant and that he was not eligible for relief from deportation because of the aggravated felony conviction.  On July 16, 2008 Agent Lopez returned and served Defendant with the Final Administrative Removal Order.  Agent Lopez believed that Defendant understood the administrative removal procedure and that he chose not to contest the Final Order. Defendant was removed on August 8, 2008.

Criminal History

In the past 10 years Defendant has two felony and two misdemeanor convictions.  On August 26, 1999 Defendant was convicted of felony transportation of a controlled substance and sentenced to 180 days in jail and three years probation.  On January 14, 2002 Defendant was convicted of two misdemeanors for (1) driving while intoxicated and (2) forging an official seal. On October 4, 2007 Defendant was convicted of first degree residential burglary in violation of Penal Code §459 and

1    received a two year prison sentence.

2                                      **DISCUSSION**

3           Defendant contends that his conviction for first degree residential burglary in violation of Cal.

4    Penal Code §459 does not correspond to the generic meaning of burglary as required by binding

5    precedent and therefore his conviction is not an aggravated felony within the meaning of 8 U.S.C.

6    §§1101(43)(F) and (G).  As a consequence, Defendant moves to dismiss the indictment because he

7    was not removable as charged in the removal order.  The Government opposes the motion.

8           A defendant in a §1326 prosecution may collaterally attack the prior deportation before trial

9    and preclude the government from relying on such deportation where "the deportation proceeding was

10   so procedurally flawed that it effectively eliminated the right of an alien to obtain judicial review. .

11   . ." United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996), cert. denied, 117 S.Ct. 1096

12   (1997).  The collateral attack of a prior deportation is statutorily permitted only if:

13          (1) the alien has exhausted any administrative remedies that may have been available
            to seek relief against the order,
14          (2) the deportation proceedings at which the order was issued improperly deprived the
            alien of the opportunity to seek relief against the order; and
15          (3) the entry of the order was fundamentally unfair.

16   8 U.S.C. §1326(d)(1-3).  An underlying removal order is fundamentally unfair if (1) a defendant's due

17   process rights were in fact violated and (2) he suffers prejudice.  United States v. Gutierrez-Alba, 128

18   F.3d 1324 (9th Cir. 1997).  To establish prejudice, Defendant must show that he had "a plausible

19   ground for relief from deportation.  USA v. Ualdo-Figueroa, 346 F.3d 1042, 1050 (9th Cir. 2004).

20          Under the categorical approach first articulated in Taylor v. United States, 495 U.S. 575

21   (1990), an offense is an aggravated felony if "the full range of conduct covered by the [criminal

22   statute] falls within the meaning" of the relevant definition of an aggravated felony.  Penuliar v.

23   Mukasey, 528 F.3d 603, 608 (9th Cir.2008) (quoting Chang v. INS, 307 F.3d 1185, 1189 (9th

24   Cir.2002)).  The generic definition of burglary "contains at least the following elements: an unlawful

25   or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a

26   crime."  Taylor, 495 U.S. at 598.  The underlying state burglary statute, Penal Code §459, is not

27   appropriately analyzed under the categorical approach because §459 eliminates the "requirement that

28   the entry [into a dwelling] be unlawful."  Taylor, 495 U.S. at 599.  Under §459 one can be convicted

1    of burglary where the entry into the dwelling or other structure is permissive.  United States of

2    America v. Rodriguez-Rodriguez, 393 F.3d 849, 852 (9th Cir. 2005), cert. denied, 544 U.S. 1041

3    (2005).  Here, the full range of conduct targeted by the burglary statute is broader than the generic

4    definition of burglary and therefore not susceptible to analysis under the categorical approach.

5           Where a criminal burglary statute is broader than the generic crime, the United States Supreme

6    Court instructs that "the trial court need find only that the state statute corresponds in substance to the

7    generic meaning of burglary."  Taylor, 495 U.S. at 600.

8    "Where a state statute is categorically broader than the generic definition of a crime, we employ a

9    modified categorical approach."  Navarro-Lopez v. Gonzales, 503 F.3d 1063, 1073 (9th Cir.2007) (en

10   banc).  Under this approach, the court conducts "a limited examination of documents in the record of

11   conviction to determine if there is sufficient evidence to conclude that a defendant was convicted of

12   the elements of the generically defined crime."  Chang, 307 F.3d at 1189.

13          Under the modified categorical approach, the court concludes that Defendant was convicted

14   of a crime of violence, first degree residential burglary in violation of Cal. Penal Code §459, and

15   therefore an aggravated felony within the meaning of 8 U.S.C. §1101(43)(F), based upon judicially

16   noticeable facts showing that Defendant was convicted of all elements of generic burglary under

17   Taylor.  During the plea colloquy, Defendant stipulated to the factual basis for the crime as identified

18   in the probation report.  (Gov't Exh. 16 at 5).  Based upon the stipulated factual basis for the plea, it

19   is readily ascertainable that Defendant unlawfully entered the victim's apartment to commit a theft

20   offense therein.  Defendant removed a window screen to enter the apartment.  As the victim arrived

21   at her apartment she heard a banging noise and observed Defendant running away.  (Gov't Exh. 14).

22   The court concludes that the factual basis for the crime satisfies the generic definition of burglary

23   because Defendant unlawfully entered the apartment to commit an offense therein.

24          Moreover, the Ninth Circuit has determined on several occasions that first degree residential

25   burglary under §459 constitutes a crime of violence under 18 U.S.C. §16(b).  In United States v.

26   Becker, 919 F.2d 568 (9th Cir. 1990) the Ninth Circuit addressed a first degree residential burglary

27   conviction under §459 in the context of the Career Criminal Act:

28          The confluence of common sense and precedent lead to the conclusion that the
            unauthorized daytime entry of the dwelling of another with the intent to commit a

1
2
larceny or any felony carries with it a substantial risk that force will be used against the person or property of another.  Therefore, first degree burglary under California law [§459] is a "crime of violence. . . ."

3   Id. at 573.  In Rodriguez-Rodriguez, 393 F.3d 849, the Ninth Circuit held that the trial court

4   committed reversible error when it failed to enhance the defendant's sentence by sixteen levels

5   pursuant to U.S.S.G. §2L1.2(b)(1)(A) because a conviction for first degree residential burglary in

6   violation of §459 constitutes a crime of violence.  Id. at 853.[1]  Accordingly, under the modified

7   categorical approach §459 corresponds in substance to the generic meaning of burglary and qualifies

8   as a crime of violence within the meaning of 18 U.S.C. §16(b).

9   Defendant contends that this court is bound to follow a recent three-panel decision in United

10   States v. Aguila-Montes de Oca, -- F.3d –, 2009 WL 115727 (9th Cir. 2009) which held that the

11   modified categorical approach outlined in Taylor, Becker, and Rodriguez-Rodriguez can no longer

12   be applied to convictions under §459 because the California statute is missing the necessary element

13   that entry into a dwelling must be unlawful.  Id.  This court cannot resolve conflicting panel decisions.

14   Rather, this court is obligated to follow binding precedent.  In this circuit,

15
16
17
a three judge panel normally cannot overrule a decision of a prior panel on a controlling question of law, [however] we may overrule prior circuit authority without taking the case en banc when an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point.

18   Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir.2002) (internal citation and

19   quotations omitted).  The primary Supreme Court authority cited by the Aguila-Montes panel in its

20   analysis is Taylor.  However, Taylor is not an intervening authority and stands for the proposition that

21   the modified categorical approach applies to a state's burglary statute that "eliminat[es] the

22   requirement that the entry be unlawful."  Taylor, 495 U.S. at 599.  Further, in discussing the modified

23   categorical approach the Supreme Court held in Taylor that "the trial court need find only that the state

24   statute corresponds in substance to the generic meaning of burglary."  Taylor, 495 U.S. at 599

25   (emphasis added).  Accordingly, the court concludes it is bound to follow the legal precedent set forth

26   in Taylor,  Becker and Rodriguez-Rodriguez.

27

28
_____

[1] The court notes that Defendant's first degree residential burglary conviction is also an aggravated theft or burglary offense under 8 U.S.C. §1101(43)(G).

1       Defendant also argues that the en banc decision in <u>Navarro-Lopez</u> "impliedly overruled"

2    earlier cases applying the modified categorical approach to first degree residential burglary

3    convictions. (Motion at p.5:27-28).  The relevant issue in <u>Navarro-Lopez</u> was whether a conviction

4    for accessory after the fact in violation of Cal. Penal Code §32 is a crime of moral turpitude.  503 F3d

5    at 1073-74.   Unlike a conviction under §459, the Ninth Circuit concluded that a conviction for

6    accessory after the fact was missing the elements of a crime of moral turpitude.  There is simply no

7    indication that the en banc decision of <u>Navarro-Lopez</u> sought to overrule <u>Becker</u> or <u>Rodriguez-</u>

8    <u>Rodriguez</u>.  To the contrary, the Ninth Circuit reiterated that the modified categorical approach

9    "applies when the particular elements in the crime of conviction are broader than the generic crime"

10    but not when the "crime of conviction is missing an element of the generic crime altogether."  <u>Id.</u> at

11    1073.  Because <u>Navarro-Lopez</u> is not sufficiently on point and deals with a separate criminal statute,

12    the court declines to find that  <u>Navarro-Lopez</u> overruled earlier precedents directly addressing first

13    degree residential burglary under §459.

14       In sum, the motion to dismiss the indictment is denied.

15    **IT IS SO ORDERED.**

16    DATED:  February 18, 2009

17

18                              Hon. Jeffrey T. Miller
                                 United States District Judge

19    cc:        All parties

20

21

22

23

24

25

26

27

28